Carlton PROCTOR, Appellant,

v.

Glenda Sue WHITE, Independent Exec-
utrix of the Estate of Clyde C. White,
deceased; and C. Carlton White, Inc.,
Appellees.

No. 11–04–00098–CV.

Court of Appeals of Texas,
Eastland.

July 7, 2005.

David Greenhaw, Randal Patterson, Hollmann, Lyon, Patterson & Durell, Inc., Odessa, for appellant.

David W. Lindemood, Tom Bruner, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Leslie G. McLaughlin, Midland, for appellees.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

Carlton Proctor's grandmother, Ingeborg White, created a testamentary trust in her will. Appellant was one of the beneficiaries of the trust. Ingeborg White died in 1984, and appellant's grandfather, Clyde C. White, was appointed as the independent executor of the estate. Ingeborg White's will named Clyde C. White as the trustee of the trust. Appellant and his sister, Brandye Proctor Norman, filed suit against appellees, Glenda Sue White, Individually and as Independent Executrix of the Estate of Clyde C. White, Deceased, and C. Carlton White, Inc. They alleged that Clyde C. White breached his fiduciary duties to them and violated the provisions of the Texas Trust Code, TEX. PROP. CODE ANN. § 113.052 (Vernon 1995), while serving as the trustee of the trust. Appellees filed a motion for summary judgment. The trial court granted summary judgment in favor of appellees on appellant's claims. In a single point of error, appellant argues that the trial court erred in granting summary judgment. We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings.

## Background Facts

Ingeborg White's will provided that the beneficiaries would receive their distributions from the trust when they became 28 years old. Appellant reached the age of 28 on October 14, 1995. On July 8, 2002, appellant and Brandye Proctor Norman filed their petition in the probate proceeding involving Clyde C. White's estate. They claimed, among other things, that Clyde C. White had purchased real property with funds belonging to the trust. They sought to impose a constructive trust on the subject real property. Appellant and Brandye Proctor Norman also alleged that Clyde C. White violated the Texas Trust Code by loaning trust funds to himself. Appellant claimed that he did not receive the money due him under the trust when he turned 28 years of age.

The probate court (county court at law) found that the district court had exclusive jurisdiction of the constructive trust cause

of action and the Texas Trust Code cause of action. The probate court severed these two claims from the probate proceedings and transferred them to the district court. These two claims are the subject of this cause. Appellees moved for summary judgment on the merits of the claims and on their affirmative defense of limitations. The trial court granted summary judgment to appellees on appellant's claims. The trial court also severed Brandye Proctor Norman's claims from this cause. Therefore, the summary judgment on appellant's claims became final and appealable.

### Standard of Review

This appeal involves the review of a traditional motion for summary judgment. We will apply the well-recognized standard of review for traditional summary judgments. We must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). A defendant is entitled to summary judgment if it either disproves an element of each of the plaintiff's causes of action or establishes an affirmative defense on each of the plaintiff's causes of action as a matter of law. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

Appellees moved for summary judgment (1) on the merits of appellant's claims and (2) on their statute of limitations defense. The trial court's order granting summary judgment does not specify the ground or grounds upon which it was based. When a trial court's order does not specify the ground or grounds relied upon for its ruling, the summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chemical Company v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

### Merits of Appellant's Claims

Appellant alleged that Clyde C. White breached his fiduciary duties and violated Section 113.052 of the Texas Trust Code by loaning trust funds to himself to the detriment of the trust beneficiaries. The summary judgment evidence showed that Clyde C. White, as trustee, loaned trust funds to himself. Appellant argues that the summary judgment evidence established (1) that Clyde C. White engaged in self-dealing and (2) that Clyde C. White borrowed funds from the trust to the detriment of the trust beneficiaries. Appellees apparently agree that appellant raised fact issues on the merits of appellant's claims; appellees did not respond to appellant's argument in their brief. We find that the summary judgment evidence raised fact issues on the merits of appellant's claims.

### Statute of Limitations

■ Appellees argue that appellant did not file suit until about five and one-half years after his twenty-eighth birthday and, therefore, that the four-year statute of limitations bars his claims. Appellant relies on the discovery rule in arguing that the statute of limitations does not bar his claims. Appellees contend that appellant cannot rely on the discovery rule because he failed to plead the rule in the trial court. Appellant raised the discovery rule

in his response to appellees' motion for summary judgment.

■ A party seeking to avail itself of the discovery rule must plead the rule in response to a defendant's claim that the statute of limitations bars the party's claims. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex.1988). A matter in avoidance of the statute of limitations that is not raised affirmatively by the pleadings will, therefore, be deemed waived. *Woods v. William M. Mercer, Inc., supra.* However, in the summary judgment context, if a party relies on an unpleaded affirmative defense to support a motion for summary judgment, the non-movant must object in its response to that ground for summary judgment in order to avoid trying that issue by consent. If the non-movant does not object, the trial court may properly grant summary judgment on a conclusively-established, yet unpleaded affirmative defense. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991); *Cianci v. M. Till, Inc.*, 34 S.W.3d 327, 329–30 (Tex.App.-Eastland 2000, no pet'n). Based on the same reasoning, when a non-movant relies on an unpleaded affirmative defense or an unpleaded matter constituting a confession and avoidance to defeat a motion for summary judgment, the movant must object in order to avoid trying the issue by consent.

Appellant relied on the discovery rule in his response to the motion for summary judgment. Appellees did not object to appellant's reliance on the discovery rule. Therefore, appellees tried the discovery rule issue by consent. *Roark v. Stallworth Oil and Gas, Inc., supra* at 494–95; *Cianci v. M. Till, Inc., supra* at 329–30.

■ In the summary judgment context, the defendant has the burden to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff knew or should have known of the facts giving rise to the claims. *Woods v. William M. Mercer, Inc., supra* at 518; *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977); *Janis v. Melvin Simon Associates, Inc.*, 2 S.W.3d 647, 650 (Tex.App.-Corpus Christi 1999, pet'n den'd). Appellees did not address the discovery rule after appellant raised it in response to their motion for summary judgment. Appellees did not attempt to establish when appellant knew or should have known of the facts giving rise to his claims. Thus, appellees did not prove as a matter of law that no genuine issue of material fact exists concerning when appellant knew or should have known of the facts giving rise to his claims. Appellant's point of error is sustained.

### *This Court's Ruling*

The judgment of the trial court is reversed, and this cause is remanded for further proceedings.