NO. 07-05-0193-CR


 07-05-0194-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 31, 2005



______________________________



ESEQUIEL ALBERTO ARMIJO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 39,345-A, 45,737-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Esequiel Alberto Armijo brings companion appeals from the adjudication
of his guilt for the offenses of aggravated sexual assault and failure to register as a sex
offender. Agreeing with appointed counsel's conclusion the record fails to show a basis
to support the appeals, we affirm both judgments.

 Appellant was initially indicted for aggravated sexual assault in July 1998. That
charge was assigned cause number 39,345. He entered a plea of guilty in conformity with
a plea agreement in June 2002. Also in conformity with that agreement, the trial court
deferred adjudication of guilt for a period of five years conditioned on appellant's
compliance with terms set by the court. 

 The State filed a motion to adjudicate appellant's guilt in August 2002 alleging he
committed a new offense by failing to register as a sex offender. (1) Within weeks, the State
obtained an indictment charging appellant with the same offense. This charge was
assigned cause number 45,737. Both matters were heard in April 2003. On his plea of
guilty in 45,737 the trial court deferred adjudication for two years. Appellant plead true to
the allegations in the State's motion to adjudicate guilt in cause number 39,345. The court
did not adjudicate appellant guilty but did alter the conditions of his community supervision
by placing him in the intensive supervision program. The deferral in 45,737 was
subsequently extended for an additional two years. 

 The State filed a second motion to adjudicate appellant's guilt in cause number
39,345 in April 2005. This motion alleged nine violations including three new sexual
assault offenses arising out of one incident, failure to register as a sex offender, failure to
pay required fees, establishing contact with a minor and living with a minor. It also moved
for adjudication of appellant's guilt in cause number 45,737 alleging seven grounds. This
motion alleged the same grounds as the motion in 39,345 with the exception of two 
allegations of failure to pay fees. 

 The trial court conducted a hearing on both motions on May 4, 2005. The State
waived its allegations of failure to register as a sex offender, but presented witnesses
supporting its contention that appellant committed sexual assault against a fourteen year
old neighbor on April 20, 2005. (2) It also presented witnesses who testified to appellant's
failure to make all required payments of supervision fees and costs in 39,345. The
evidence also showed appellant missed a single month's payment of supervision fees in
45,737. In his testimony, appellant did not deny the victim was in his home. He asserted
she came there seeking food and he did not commit any offense against her.

 At the conclusion of the hearing the trial court found true each of the remaining
grounds alleged in each motion except that appellant lived in the same house with a
person under 17 years of age. It adjudicated appellant guilty in each case and sentenced
him to life imprisonment and a $10,000 fine for aggravated sexual assault in cause number 
39,345 and twenty years confinement and a $10,000 fine for failure to register as a sex
offender in cause number 45,737. Appellant perfected appeal from both judgments. 

 Appellant's appointed counsel has filed a motion to withdraw and a brief in support
pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which he certifies that he has searched the record and, in his professional
opinion, under the controlling authorities and facts of this case, there is no reversible error
or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The
brief thoroughly discusses the procedural history of the case, the applicable law, and the
evidence presented at trial. Counsel has certified that a copy of the Anders brief and
motion to withdraw have been served on appellant, and that counsel has advised appellant
of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d
641, 645 (Tex.App.-Waco 1994, pet. ref'd). By letter, this court also notified appellant of
his opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel. Appellant has not filed a response. The State has not filed a brief in this appeal.

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

 A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in an appeal taken when deferred
adjudication community supervision is first imposed. Manuel v. State, 994 S.W.2d 658,
661-62 (Tex.Crim.App. 1999). No appeal may be taken from the trial court's decision to
proceed with an adjudication of guilt on a deferred adjudication. Phynes v. State, 828
S.W.2d 1, 2 (Tex.Crim.App.1992); Hargrave v. State, 10 S.W.3d 355, 357 (Tex.App.-
Houston [1st Dist.] 1999, pet. ref'd). Appellant did not perfect appeal from the order
deferring adjudication in either cause number. After an adjudication of guilt, appeal may
be brought challenging issues arising at the subsequent punishment hearing, including
claims of ineffective assistance of counsel. Kirtley v. State, 56 S.W.3d 48, 51
(Tex.Crim.App. 2001). Counsel's brief discusses that issue separately, including the
standard of review for determining ineffective assistance of counsel. See Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 

 Our review convinces us that appellate counsel conducted a complete analysis of the
record and applicable law. We have also made an independent examination of the record
to determine whether there are any non-frivolous grounds on which an appeal could
arguably be founded. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Stafford, 813 S.W.2d at 511. We agree it presents no meritorious issue which
would support an appeal. Accordingly, counsel's motion to withdraw is granted and we
affirm both judgments of the trial court. 


 James T. Campbell

 Justice




Do not publish. 

1. Article 62.01(5)(I) defines a "reportable conviction or adjudication" for purposes 
of sex offender registration statutes to include deferred adjudication for sexual assault
offenses. Tex.Code Crim.Proc. Ann. art. 62.01(5)(I) (Vernon Supp. 2005). 
2. This testimony included that of the victim and of police officers who found the
victim in a bed in appellant's home.


llee could not overcome the overwhelming evidence that she
did not understand that appellee’s commission was to be paid forever, even after her
death, or that she understood that her rights to sell her property or to renegotiate were
limited because of appellee’s actions.
Discussion
          Our review of a summary judgment is de novo to determine whether the movant
established the absence of a genuine issue as to any material fact and its entitlement to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995); Dickey v. Club Corp. of America, 12 S.W.3d 172, 175 (Tex. App.–Dallas
2000, pet. denied). In conducting that review, we take all evidence favorable to the non-movant as true, and we indulge every reasonable inference and resolve any doubt in the
non-movant’s favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). In instances in which the movant is a defendant, it must negate at least one
essential element of the plaintiff’s cause of action. Randall’s Food Markets, Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively
establishes each element of an affirmative defense and leaves no issue of material fact is
entitled to summary judgment. Id.; Morrone v. Prestonwood Christian Academy, 215
S.W.3d 575, 578 (Tex. App.–Eastland 2007, pet. denied); AMS Constr. Co., Inc. v. Warm
Springs Rehab. Foundation, Inc., 94 S.W.3d 152, 159 (Tex. App.–Corpus Christi 2002, no
pet.).
          Because limitations is an affirmative defense, the defendant bears the initial burden
to plead, prove, and secure findings on limitations. Tex. R. Civ. P. 94; Woods v. William
M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988). Thus, when a defendant asserts a
limitations defense in a motion for summary judgment, he must: 1) prove when the cause
of action accrued; and 2) negate the discovery rule if it was pleaded or otherwise raised
by the plaintiff. KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp., 988 S.W.2d 746,
748 (Tex. 1999); see also Dolenz v. Boundy, 197 S.W.3d 416, 419-20 (Tex. App.–Dallas
2006, pet. denied) (a defendant moving for summary judgment on the affirmative defense
of limitations must conclusively negate any relevant tolling provision asserted by the non-movant). A cause of action accrues when the plaintiff knows or reasonably should know
that he has been legally injured by the alleged wrong, however slightly. The fact that a
plaintiff’s actual damages may not be fully known until much later does not affect the
determination of the accrual date. Murphy v. Campbell, 964 S.W.2d 265, 273 (Tex. 1997). 
The discovery rule is the legal principle which, when applicable, provides that limitations
run from the date the plaintiff discovers or should have discovered, in the exercise of
reasonable care and diligence, the nature of the injury. Willis v. Maverick, 760 S.W.2d
642, 644 (Tex. 1988).
          In this case, appellee contends that he conclusively established through deposition
testimony that by December 17, 1999, appellant read and understood the terms of the
contract at issue. He never specifically states the accrual date, apparently believing that
we may infer from his pleading that the cause of action accrued as of that date. Moreover,
appellee failed to specifically identify the portions of the evidence he wanted the court to
consider regarding that point. 
          When presenting summary judgment proof, a party must specifically identify the
supporting proof on file that he seeks to have considered by the trial court and he must
attach entire documents to the summary judgment motion or response. General
references to the documents do not relieve the party of pointing out to the trial court
specifically where the issues set forth in the motion or response are raised. See Gonzales
v. Shing Wai Brass & Metal Wares Factory, Ltd., 190 S.W.3d 742, 746 (Tex. App.–San
Antonio 2005, no pet.). 
          Where, as here, an entire document is attached to a motion, and the motion only 
makes a general reference to it, that general reference does not satisfy the specificity
requirement. See Upchurch v. San Jose, 5 S.W.3d 274, 284-85 (Tex. App.–Amarillo 1999,
pet. denied) (3000 unindexed pages attached to a motion that only generally referenced
the record and failed to specifically direct the court or parties to the evidence upon which
the movant relied was not properly before the court). It is true that the documents to which
appellee refers in the motion are not as voluminous as those before the Upchurch court.
However, that does not negate the rule that a summary judgment movant must still provide
nonmovants with “fair notice” of his contentions and must refer the court and the parties
to the evidence upon which the movant relies. Id. This is so because in pursuance of its
duty to determine if there are any material fact questions, the trial court cannot do so
without being made aware of the specific evidence upon which the movant is relying to
entitle him to judgment as a matter of law. Thus, appellee failed to carry his summary
judgment burden to prove the date upon which the causes of action accrued; he did not
set forth the applicable period of limitations to each of appellant’s causes of action; and he
failed to show as a matter of law why appellant’s claims are time barred. Moreover, he
failed to specifically direct the court and the parties to the evidence on which he relied to
prove the accrual date.
          With regard to appellee’s burden regarding the discovery rule, he again failed to
specifically reference the evidence upon which he relied to meet his summary judgment
burden in that regard. Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd., 190
S.W.3d at 746; Upchurch v. San Jose, 5 S.W.3d at 284-85. Further, despite the fact that
appellant’s original petition and response to appellee’s motion for summary judgment raised
the discovery rule and implicated the tolling of the limitations period by virtue of fraudulent 
concealment,


 appellee neither negated or even mentioned the discovery rule, nor did he
address any tolling of limitations, or alternatively, explain why each was not applicable to
the case at bar. In instances in which a summary judgment movant fails to address the
discovery rule which has been raised in a response to the summary judgment motion and
does not attempt to establish when the non-movant knew or should have known of the facts
giving rise to her claims, the movant has failed to prove as a matter of law that no genuine
issue of material fact exists on that question. Proctor v. White, 172 S.W.3d 649, 652 (Tex.
App.–Eastland 2005, no pet.).
          Here, appellee only averred that within thirty days after the execution of the lease,
appellant had read and understood the terms of the contract, that every cause of action
asserted by appellant was subject to the limitations defense, and that she had no cause of
action that was not time barred. Those conclusory statements do not address or negate the
discovery rule and are not sufficient to establish appellant’s entitlement as a matter of law
on the affirmative defense of limitations. 
          Thus, we must, and do hereby, sustain appellant’s first issue. Because that
sustention requires a remand to the trial court, it obviates the necessity for discussion of
appellant’s second point of error. Tex. R. App. P. 47.1.
          We reverse the judgment of the trial court and remand this matter to the trial court
for further proceedings.
 
                                                                           John T. Boyd
                                                                          Senior Justice