IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00189-CV

 

Alan and Myrna Krohn,

                                                                      Appellants

 v.

 

Marcus Cable Associates, L.P. and 

Charter Communications, Inc.,

                                                                      Appellees

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 56945

 



Opinion



 








Alan and Myrna Krohn filed suit against Marcus
Cable Associates, L.P. and Charter Communications, Inc. (collectively,
“Marcus”) for trespass, alleging that Marcus had no easement to run its cable
television line across the Krohns’ property.  The Krohns sought damages and an
injunction.  The trial court granted Marcus’s summary judgment motion and
rendered a take-nothing judgment.  Because Marcus conclusively established that
the Krohns’ claims are barred by limitations and because the Krohns’ request
for injunctive relief is moot, we will affirm.

Background

The pertinent facts are not disputed.  The
Krohns purchased an 11.764-acre tract of land in 1984.  At that time, Hill
County Electric Cooperative, Inc. maintained power lines on utility poles which
crossed the Krohns’ property pursuant to an easement which had been granted by
the Krohns’ predecessors in interest.  Under an agreement with the Cooperative,
Marcus installed a cable television line on these utility poles in 1985 or 1986. 
The Krohns noticed the cable line at or near the time it was installed but
consciously chose to take no action at that time.

The Krohns decided to build a new home on the
property in 1997.  However, some of the trucks used by the builders and by
vendors delivering materials to the property were unable to enter the property
because of the height of the telephone and cable television lines attached to
the Cooperative’s utility poles.  At the Krohns’ request, the telephone company
removed its line from the poles.  However, Marcus did not respond to the
Krohns’ request to raise the cable line or remove it.  Accordingly, the Krohns
retained an attorney who sent a letter to Marcus in November 1997 advising that
Marcus had no right to maintain a cable line across the Krohns’ property and
that the cable line should be removed within ten days.

When Marcus refused to remove the line, the
Krohns filed suit.  In an earlier chapter of this litigation, the trial court
granted Marcus’s summary judgment motion in which Marcus contended that it had
the right to run its cable line in the Cooperative’s easement.  However,
because the language of the easement permitted the Cooperative to place only “an
electric transmission or distribution line or system” on the property, this
Court reversed the judgment and remanded the case for further proceedings.  See
Krohn v. Marcus Cable Assocs., L.P., 43 S.W.3d 577, 584 (Tex. App.—Waco 2001),
aff’d, 90 S.W.3d 697 (Tex. 2002).

On remand, Marcus filed another summary judgment
motion.  This time, Marcus raised both traditional and no-evidence grounds for
summary judgment.  As traditional grounds, Marcus alleged that it had
conclusively established all the elements for the affirmative defenses of: (1)
limitations; (2) laches; and (3) prescriptive easement.  Marcus also alleged,
assuming it did not prevail on any of these affirmative defenses, that it had
conclusively established its entitlement to judgment on the issues of: (1)
actual damages; (2) attorney’s fees; (3) mootness as to the Krohns’ request for
an injunction; and (4) exemplary damages.  Finally, Marcus alleged that the
Krohns could produce no evidence that it acted with fraud or malice in
connection with their claim for exemplary damages.

The court granted Marcus’s motion with respect
to all three affirmative defenses and with respect to the Krohns’ claims for
exemplary damages, attorney’s fees, and injunctive relief.  Accordingly, the
court rendered a take-nothing judgment.

Issues Presented

          The Krohns present six issues in which
they contend that the court erred by granting Marcus’s summary judgment motion
on the three affirmative defenses and on the Krohns’ claims for exemplary
damages, attorney’s fees, and injunctive relief.

Limitations

          The Krohns contend in their first
issue that the court erred by granting summary judgment on the affirmative
defense of limitations because: (1) the discovery rule applies and limitations
did not begin to run until 1997; and (2) the presence of the cable line on
their property constituted a continuing tort.

          The limitations period for a trespass
action is “two years after the day the cause of action accrues.”  Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)
(Vernon Supp. 2005).  “In most cases, a cause of action accrues when a wrongful
act causes a legal injury, regardless of when the plaintiff learns of that
injury or if all resulting damages have yet to occur.”  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003); accord Franco
v. Slavonic Mut. Fire Ins. Ass’n, 154 S.W.3d 777, 789 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

          Under the discovery rule, limitations
does not begin to run until a plaintiff “discovers or should have discovered
through the exercise of reasonable care and diligence the facts establishing
the elements of a cause of action.”  Apex Towing Co. v. Tolin, 41 S.W.3d
118, 120-21 (Tex. 2001); accord Pirtle v. Kahn, 177 S.W.3d 567, 573
(Tex. App.—Houston [1st Dist.] 2005, pet. denied).

          “A party seeking to avail itself of
the discovery rule must . . . plead the rule, either in its original petition
or in an amended or supplemented petition in response to defendant’s assertion
of the [statute of limitations] as a matter in avoidance.”  Woods v. William
M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988); accord Proctor v.
White, 172 S.W.3d 649, 652 (Tex. App.—Eastland 2005, no pet.); Sanders
v. Constr. Equity, Inc., 42 S.W.3d 364, 368 (Tex. App.—Beaumont 2001, pet.
denied).  If the plaintiff fails to plead the discovery rule in a petition,
then it is waived as other matters of avoidance.  See Woods, 769 S.W.2d at
518; Dickson Constr., Inc. v. Fid. & Deposit Co., 960 S.W.2d 845,
850 (Tex. App.—Texarkana 1997), aff’d, 5 S.W.3d 353 (Tex. 1999); cf.
In re Marriage of Smith, 115 S.W.3d 126, 131 (Tex. App.—Texarkana 2003,
pet. denied)  (failure to plead affirmative defense of preemption under Rule of
Civil Procedure 94 waives that affirmative defense).

          However, if a plaintiff asserts the
discovery rule in response to a summary judgment motion raising the statute of
limitations, even though the discovery rule has not been pleaded in the
plaintiff’s petition, the parties will be deemed to have tried the issue by
consent unless the defendant objects to the plaintiff’s assertion of the
discovery rule.  Proctor, 172 S.W.3d at 652; cf. Roark v. Stallworth
Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991) (“an unpleaded
affirmative defense may also serve as the basis for a summary judgment when it
is raised in the summary judgment motion, and the opposing party does not
object to the lack of a rule 94 pleading in either its written response or
before the rendition of judgment”); Head v. U.S. Inspect DFW, Inc., 159
S.W.3d 731, 740 (Tex. App.—Fort Worth 2005, no pet.) (same).

          Here, the Krohns did not plead the
discovery rule in their original petition or in any amended or supplemental petition. 
Marcus expressly objected to the Krohns’ assertion of the discovery rule in
their summary judgment response.  Therefore, the discovery rule was not tried
by consent in the summary judgment hearing.  See Proctor, 172 S.W.3d at
652; cf. Roark, 813 S.W.2d at 494; Head, 159 S.W.3d at 740. 
Accordingly, because the Krohns did not plead the discovery rule in their
petition, they have waived it.  See Woods, 769 S.W.2d at 518; Dickson
Constr., 960 S.W.2d at 850; cf. Smith, 115 S.W.3d at 131.

          Nevertheless, the Krohns also contend
that their trespass suit is not barred by limitations because Marcus’s trespass
constitutes a continuing tort.[1]  See
 Rogers v. Ardella Veigel Inter Vivos Trust, 162 S.W.3d 281, 290 (Tex. App.—Amarillo 2005, pet. denied); W.W. Laubach Trust v. The Georgetown Corp., 80
S.W.3d 149, 159 (Tex. App.—Austin 2002, pet. denied); Dickson Constr.,
960 S.W.2d at 851.  A cause of action for a continuing tort does not accrue
until the defendant’s tortious conduct ceases.  Id.

          In determining whether there is a
continuing tort, “care must be taken to distinguish between 1) repeated injury
proximately caused by repetitive wrongful or tortious acts and 2) continuing
injury arising from one wrongful act.  While the former evinces a continuing
tort, the latter does not.”  Rogers, 162 S.W.3d at 290; accord Dickson
Constr., 960 S.W.2d at 851.  Here, the Krohns allege one wrongful act—the
placement of the cable line across their property—which has been a source of
continuing injury.  Therefore, we hold as a matter of law that Marcus’s
trespass was not a continuing tort.

          The parties also dispute whether the
trespass should be characterized as permanent or temporary.  It has been held
that the continuing tort doctrine does not apply in the case of a permanent
injury to real property.  See W.W. Laubach Trust, 80 S.W.3d at 159; Mitchell
Energy Corp. v. Bartlett, 958 S.W.2d 430, 443 (Tex. App.—Fort Worth 1997,
pet. denied).  This conclusion is probably nothing more than a recognition that
a permanent injury to land will generally arise from a single tortious act
which causes continuing injury to the landowner.  Such a permanent injury, by
definition, would not constitute a continuing tort.  See Rogers, 162
S.W.3d at 290; Dickson Constr., 960 S.W.2d at 851.

          The Supreme Court has recently
clarified what constitutes a permanent injury to land in the context of a
nuisance claim.[2] 
As the Court explained:

a nuisance should be deemed temporary only if it
is so irregular or intermittent over the period leading up to filing and trial
that future injury cannot be estimated with reasonable [certainty]. 
Conversely, a nuisance should be deemed permanent if it is sufficiently
constant or regular (no matter how long between occurrences) that future impact
can be reasonably evaluated.

 

Schneider Nat’l Carriers, Inc. v. Bates, 147 S.W.3d 264, 281 (Tex. 2004); see also
Mitchell Energy, 958 S.W.2d at 443.

          Under this definition, the presence of
Marcus’s cable line on the Krohns’ property for more than a decade clearly
constituted a permanent trespass as of the time the Krohns filed suit.[3] 
See id.  Therefore, because Marcus committed a permanent trespass, the
continuing tort doctrine does not apply.  See W.W. Laubach Trust, 80
S.W.3d at 159; Mitchell Energy, 958 S.W.2d at 443.

          The summary judgment evidence
conclusively establishes that the Krohns learned of Marcus’s trespass on their
property no later than 1986.  This is when their claim for damages accrued.  See
Provident Life & Accident, 128 S.W.3d at 221; Franco, 154 S.W.3d
at 789.  The limitations period for this claim expired no later than December
31, 1988.  See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003(a).  Accordingly, Marcus conclusively
established that the Krohns’ claim for damages is barred by limitations.  Thus,
we overrule the Krohns’ first issue.

 

Injunctive Relief

          The Krohns contend in their sixth
issue that the court erred by rendering summary judgment against them on their
claim for injunctive relief on the basis of mootness.  They contend that a fact
issue remains on the question of whether Marcus’s cable line still crosses a
portion of their 11.764-acre tract.[4]

          “A case becomes moot if a controversy
ceases to exist or the parties lack a legally cognizable interest in the
outcome.”  Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642 (Tex. 2005).  “[M]ootness is a component of subject-matter jurisdiction.”  Labrado v. County of El Paso, 132 S.W.3d 581, 589 (Tex. App.—El Paso 2004, no pet.); accord
Williams v. Lara, 52 S.W.3d 171, 185 (Tex. 2001); McClure v. JPMorgan
Chase Bank, 147 S.W.3d 648, 651 (Tex. App.—Fort Worth 2004, pet. denied). 
“[W]e are obligated to review sua sponte issues affecting
jurisdiction.”  M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004).

          Here, Marcus presented summary
judgment evidence that the cable line had been removed from the Krohns’
11.764-acre tract.  Although the Krohns have made some non-specific allegations
that a dispute remains about whether Marcus in fact removed the cable line from
this property,[5]
their counsel unequivocally stated at the summary judgment hearing that the
cable line had been removed from “the 11 acre tract.”  The map offered in
evidence by Marcus conclusively establishes that the cable line has been
removed from the 11.764-acre tract.

          Therefore, the Krohns’ claim for
injunctive relief is moot.  See Allstate Ins. Co., 159 S.W.3d at 642. 
Accordingly, we overrule the Krohns’ sixth issue.

Conclusion

Because we have determined that the Krohns’
claim for damages is barred by limitations and that their claim for injunctive
relief is moot, we need not address the remainder of the Krohns’ issues.  See
Tex. R. App. P. 47.1 (appellate
court’s opinion must address every issue “necessary to final disposition of the
appeal”); Williams v. Williams, 150 S.W.3d 436, 452 n.5 (Tex.
App.—Austin 2004, no pet.); Lab. Corp. of Am. v. Compton, 126 S.W.3d 196,
197 (Tex. App.—San Antonio 2003, pet. denied).  Accordingly, we affirm the
judgment.

 

FELIPE REYNA

Justice

Before Judge Walton,

Justice
Reyna, and

Judge
Yelenosky[6]

Affirmed

Opinion delivered and
filed July 19, 2006

[CV06]









[1]
          The Supreme Court has “neither
endorsed nor addressed” the continuing tort doctrine.  See Creditwatch, Inc.
v. Jackson, 157 S.W.3d 814, 816 n.8 (Tex. 2005).





[2]
          Though the Court primarily
addressed the plaintiffs’ nuisance claims, the Court nevertheless concluded
that the plaintiffs’ trespass claims were barred by limitations for the same
reasons.  See Schneider Nat’l Carriers, Inc. v. Bates, 147 S.W.3d 264,
292 (Tex. 2004).

 





[3]
          Marcus has since removed the
cable line from the Krohns’s 11.764-acre tract of land.  Thus, it is no longer
a “permanent” trespass as to that property.  Nevertheless, the Supreme Court
explicitly held that the “abatability” of a nuisance is not a consideration in
determining whether it is permanent or temporary.  Id. at 283-90.





[4]
          The parties agree that a dispute
remains on the question of whether the cable line is now crossing a 1.358-acre
tract of land the Krohns own which is situated across the road from the
11.764-acre tract.  However, the Krohns’ allegations regarding Marcus’s alleged
trespass on the 1.358-acre tract have been severed from their complaints
regarding the 11.764-acre tract.

 





[5]
              The Krohns state in their summary judgment response, “There are
genuine issues of fact in that a trespass is still occurring by Movant.”  Alan
Krohn then states in his supporting affidavit, “Without our consultation, about
a month and a half ago, Defendant attempted to move the line off of our
property.  They did move the line, but it remains on our property.”





[6]
          The Honorable Ralph H. Walton,
Jr., Judge of the 355th District Court of Hood County, and the Honorable
Stephen Yelenosky, Judge of the 345th District Court of Travis County, sitting
by assignment of the Chief Justice of the Supreme Court of Texas pursuant to
section 74.003(h) of the Government Code.  See Tex. Gov't Code Ann. § 74.003(h) (Vernon 2005).