**Opinion filed August 29, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00235-CV

_____

## THOMAS J. "TOM" SIBLEY, Appellant
## V.
## VONDEAN LAWSON,
## INDEPENDENT EXECUTRIX OF THE ESTATE OF
## THEODORE MATTISON LAWSON, DECEASED, Appellee

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. CC-19,833**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment. VonDean Lawson, independent executrix of the Estate of Theodore Mattison Lawson, deceased, filed a collection suit against Thomas J. "Tom" Sibley on a promissory note. Lawson ultimately filed a motion for summary judgment that the trial court granted. In three issues, Sibley argues that the trial court erred in denying his motions to dismiss and granting the motion for summary judgment. We reverse and remand.

*Background Facts*

Sibley executed a promissory note dated July 28, 2006, in the principal amount of $105,706.74 payable to the "Estate of Theodore Mattison Lawson, Deceased." We will refer to this note as the "2006 note." The estate filed suit on the 2006 note against Sibley in October 2007. The caption on the original petition named the Estate as the sole plaintiff. However, the opening sentence of the original petition read: "COMES NOW, VonDean Lawson, Independent Executrix of the ESTATE OF THEODORE MATTISON LAWSON, DECEASED, hereinafter referred to as Plaintiff . . . ."

Sibley answered the original petition in November 2007. In addition to a general denial, he included a verified denial to the effect that he specifically denied the amount claimed to be owed on the 2006 note. He did not include a pleading in his answer challenging either the standing or capacity of the estate to file suit on the 2006 note.

Sibley subsequently filed a motion to dismiss in April 2011. He premised the motion to dismiss in part on the allegation that "[a]n 'estate' of a decedent is not a legal entity and may not properly sue or be sued as such." He also sought dismissal for want of prosecution. The trial court denied Sibley's motion to dismiss on April 8, 2011. Lawson subsequently filed an amended petition on April 15, 2011, naming herself in the caption as the sole plaintiff in her capacity as executrix of the estate.

The summary judgment order at issue in this appeal arises from Lawson's amended motion for summary judgment filed on January 18, 2012. It was set for hearing on March 30, 2012. Sibley filed a written response to the motion for summary judgment on March 21, 2012. He included a "MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION" in his response. Among other things, Sibley alleged in his response that the estate did not have standing to

2

assert a cause of action on the 2006 note because the estate did not loan him any money. He additionally alleged that an estate "is not a legal entity that can loan money."

Sibley also alleged in his response to the motion for summary judgment that he executed the 2006 note because he had previously cosigned a bank note in January 2005 with his friend, Ted Lawson (the decedent), for roughly the same amount as the 2006 note. Sibley alleged that he believed that the estate had paid the 2005 bank note at the time he executed the 2006 note. In this regard, the 2005 bank note was due to mature on April 13, 2005. However, the decedent died a few days prior to the maturity date of the 2005 bank note. Sibley alleged that the 2006 note was not supported by consideration because the estate did not pay the 2005 bank note. He additionally alleged that neither the decedent nor the estate had loaned him any money. Sibley supported these allegations with an affidavit attached to his response to the motion for summary judgment.

The record does not reflect that Lawson filed a written reply to Sibley's summary judgment response. However, counsel for Lawson appeared at the hearing on the motion for summary judgment and lodged an oral objection to many of the defenses alleged in Sibley's response on the basis that Sibley did not plead them in his answer. The trial court appeared to have sustained Lawson's oral objection at the hearing by stating: "I believe [Lawson's counsel] is correct that I can't treat the response as a pleading of an affirmative defense." The trial court announced at the conclusion of the hearing that it would grant Lawson's motion for summary judgment. The trial court subsequently signed an order granting the summary judgment. The trial court also entered a separate order on the same day denying Sibley's motion to dismiss for lack of subject-matter jurisdiction that was set out in his response to the motion for summary judgment.

3

*Analysis*

In his first issue, Sibley asserts that the trial court erred in denying his motions to dismiss. He bases this contention on the argument that Lawson's original pleading was insufficient to invoke the jurisdiction of the court because an estate is not a legal entity that can bring suit. We agree with Sibley's contention that an estate cannot sue or be sued. *See Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975). However, we disagree with his argument that the trial court erred in denying his motions to dismiss based on this contention.

Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999). Standing is implicit in the concept of subject-matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A party has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996); *Armes v. Thompson*, 222 S.W.3d 79, 82 (Tex. App.—Eastland 2006, no pet.). As we noted in *Armes*, a decedent's estate may have standing, but not capacity, to sue or be sued. 222 S.W.3d at 82; *see Price*, 522 S.W.2d at 691. In general, only the estate's representative has the capacity to act on behalf of the estate.[1] *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971); *Armes*, 222 S.W.3d at 82.

At the time that Sibley filed his first motion to dismiss, the estate was the only "named" plaintiff. This was a defect in capacity. Lack of capacity is a procedural defense, and it must be raised by a verified pleading in the trial court. *See* Tex. R. Civ. P. 93(1); *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 56

---

[1]There are exceptions to this requirement, such as when no administration is pending and none is necessary. *See Shepherd v. Ledford*, 962 S.W.2d 28, 31–32 (Tex. 1998); *Armes*, 222 S.W.3d at 82.

4

(Tex. 2003); *Armes*, 222 S.W.3d at 82. A party who wishes to contest the opponent's lack of capacity to sue must do so in a verified plea in abatement. *See Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 680 (Tex. App.—Houston [1st Dist.] 1986, writ refused n.r.e.). A challenge to a plaintiff's legal capacity to sue is properly raised by a verified plea in abatement and not by a motion to dismiss. *See M & M Constr. Co. v. Great Am. Ins. Co.*, 747 S.W.2d 552, 554 (Tex. App.—Corpus Christi 1988, no writ). Because Sibley was essentially challenging the estate's capacity to sue, his motion was in essence a plea in abatement. *See id.*

A plea in abatement is a plea setting forth some obstacle to the further prosecution of the cause until it is removed, and if it is sustained, the proper action is to abate the cause until the impediment is removed. *See Mercure*, 715 S.W.2d at 680. The trial court did not err in overruling Sibley's initial motion to dismiss because he did not have a verified pleading challenging the estate's capacity. *Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex. 1995) (The failure to verify a pleading required to be verified under Rule 93 generally waives any complaint that the trial court ruled adversely to the plea.). Moreover, the proper remedy would have been to abate the cause of action until the defect in capacity could be corrected. Lawson corrected the capacity defect by filing an amended pleading approximately one week after the trial court entered its order denying Sibley's initial motion to dismiss. By the time Sibley filed his second motion to dismiss (as a part of his response to the motion for summary judgment), Lawson had corrected any defect in capacity existing in the original petition.

Sibley additionally alleged in his summary judgment response that the estate did not have standing to sue on the 2006 note because the estate did not lend him any money. Although standing is a matter involving subject-matter jurisdiction, the trial court did not err in denying Sibley's motion to dismiss. Sibley's basis for alleging a lack of standing contradicts the factual allegations contained in

Lawson's pleadings. The determination of whether a trial court has subject-matter jurisdiction begins with the pleadings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Miranda*, 133 S.W.3d at 226, 228.

The focus in a standing issue is whether the party bringing the lawsuit has a sufficient relationship with it so that there is a justiciable interest in the outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). Taking Lawson's factual allegations as true, she alleged facts demonstrating an interest on the part of the estate and her interest as the executrix of the estate in collecting the 2006 note that was expressly made payable to the estate.

Sibley additionally contends that Lawson did not sufficiently plead facts showing her authority to prosecute the suit on behalf of the estate. Special exceptions may be used to challenge the sufficiency of a pleading. *See* TEX. R. CIV. P. 91; *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). While Sibley appeared to have filed special exceptions in conjunction with his first motion to dismiss, the record does not reflect that he obtained a ruling on them. Moreover, even if the trial court had determined that Lawson's pleadings were not sufficiently pleaded, the proper remedy would have been to give Lawson an opportunity to amend the pleadings rather than dismissal. *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006). We overrule Sibley's first issue.

Sibley asserts in his third issue that the trial court erred in granting summary judgment because there are unresolved fact questions precluding summary judgment. We review de novo an order granting summary judgment. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a

summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. Civ. P. 166a(c); *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001).

In asserting the existence of genuine issues of material fact, Sibley relies on various defensive theories that he admittedly raised for the first time in his response to the motion for summary judgment. Lawson argues that Sibley's failure to plead these defenses in his answer precludes his reliance on them to defeat summary judgment. Citing our opinion in *Proctor v. White*, 172 S.W.3d 649, 652 (Tex. App.—Eastland 2005, no pet.), Sibley contends that, in a written response to a motion for summary judgment, a party can rely upon unpleaded defenses to defeat summary judgment if the movant does not object to them. We held in *Proctor* that the movant's failure to object to unpleaded contentions to defeat summary judgment resulted in those matters being tried by consent. *Id.* Lawson counters Sibley's response with the assertion that the oral objections she made at the summary judgment hearing to Sibley's unpleaded defenses were sufficient to prevent them from being tried by consent. For the reasons set forth below, we do not need to resolve the parties' procedural dispute concerning unpleaded defenses.[2]

---

[2]We express no opinion on Lawson's contention that her oral objections at the summary judgment hearing were sufficient to prevent Sibley from relying upon unpleaded defenses set out in his response to defeat the motion for summary judgment. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex. 1979) ("[B]oth the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing. . . . To permit 'issues' to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such a hearing.").

Sibley argues that there is a fact question as to whether or not there was consideration for the 2006 note.  With regard to consideration for the 2006 note, Lawson stated in her summary judgment affidavit that "Plaintiff obtained the [2006 note] after advancing funds to pay a debt owed by Defendant."  She also included the 2006 note as part of her summary judgment evidence.  The 2006 note identifies Sibley as the "borrower" and the estate as the "lender."  Accordingly, the 2006 note identifies the transaction as a loan.

In his summary judgment affidavit, Sibley outlined the connection between the 2005 bank note and his execution of the 2006 note.  He further stated that he did not receive any of the proceeds of the 2005 bank note.  Sibley stated that he executed the 2006 note on the mistaken belief that the estate had paid the 2005 bank note.  He attributed his execution of the 2006 note on the fact that he was very ill at the time and was not aware of the disposition of the 2005 bank note.

Consideration is a fundamental element of every valid contract.  *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991); *Belew v. Rector*, 202 S.W.3d 849, 854 (Tex. App.—Eastland 2006, no pet.).  In *Belew*, we discussed the ways that a defendant may contest the issue of consideration.  As we noted:

> The terms "failure of consideration" and "lack of consideration" have sometimes been used interchangeably, but they represent different defenses.  Lack of consideration refers to a contract that lacks mutuality of obligation. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex.1997).  Failure of consideration occurs when, due to a supervening cause after an agreement is reached, the promised performance fails. *US Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 279 (Tex.App.-Dallas 2005, no pet.).  The distinction between the two is that lack of consideration exists, if at all, immediately after the execution of a contract while failure of consideration arises because of subsequent events.

202 S.W.3d at 854 n.4.  We held in *Belew* that lack of consideration does not fall within the definition of an affirmative defense that has to be pleaded under TEX. R.

CIV. P. 94 because it does not provide an independent reason to find against the plaintiff—it goes directly to the plaintiff's cause of action. *Id.* at 854.

Sibley's contention regarding the consideration for the 2006 note is a "lack of consideration" argument because he contends that no consideration ever existed to support it. Accordingly, Sibley was not required to plead lack of consideration. *See id.* Lawson addressed the consideration supporting the 2006 note by alleging that she and/or the estate advanced funds to pay a debt owed by Sibley. Sibley responded by denying that the funds were advanced to pay a debt he owed. Under the applicable standard of review, we are required to take as true all evidence favorable to Sibley, and we indulge every reasonable inference and resolve any doubts in his favor. *See Provident Life*, 128 S.W.3d at 215. The parties' dispute regarding the consideration supporting the 2006 note is a genuine issue of material fact that precludes summary judgment. Accordingly, we sustain Sibley's third issue. Because of our disposition of Sibley's third issue, we need not consider Sibley's second issue that also challenges the summary judgment.

*This Court's Ruling*

We reverse the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.

August 29, 2014                                                    JOHN M. BAILEY

Panel consists of: Wright, C.J.,                                JUSTICE
Bailey, J., and McCall[3]

Willson, J., not participating.

---

[3]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

9