Opinion filed May 16, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00199-CV
_____

### DEWAYNE HENDRIX, Appellant

### V.

### AAL ORGANIC MATTERS, LLC, Appellee

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. CV09358**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment. Appellee, AAL Organic Matters, LLC, filed suit against Appellant, Dewayne Hendrix, alleging a cause of action against Hendrix for breach of a mediated settlement agreement. The mediated settlement agreement was the product of earlier litigation between the parties. Under the terms of the mediated settlement agreement, Hendrix agreed to provide 1,500

hours of pumping services to AAL Organic at a rate of thirty dollars an hour, to be completed within thirty-six months of the date of the agreement (April 4, 2018).

AAL Organic alleged that Hendrix failed to pump the lagoons at its business locations since October 2019, and that Hendrix only performed 318 hours of pumping services since the date of the mediated settlement agreement. AAL Organic also alleged that Hendrix charged more for pumping services than authorized by the mediated settlement agreement. AAL Organic sought liquidated damages in the amount of $23,850 based on the terms of the mediated settlement agreement. AAL Organic also sought to recover its attorney's fees. Hendrix answered AAL Organic's suit by filing a general denial.

AAL Organic filed a traditional motion for summary judgment on its claim for breach of contract. In his response to AAL Organic's motion for summary judgment, Hendrix asserted that AAL Organic did not timely compensate him for his services pursuant to the terms of the mediated settlement agreement. He further asserted that the trial court should deny AAL Organic's motion for summary judgment because it did not pay "all invoices by noon on the business day following the presentment of invoice." Hendrix contended that he "specifically bargained" for the timely payment provision in the mediated settlement agreement, and that AAL Organic breached the payment provision before any breach on his part alleged by AAL Organic. Hendrix supported his contention with an affidavit wherein he detailed that AAL Organic did not timely pay him as required by the mediated settlement agreement. The record does not indicate that AAL Organic filed a reply to Hendrix's response to the motion for summary judgment.

The trial court granted AAL Organic's motion for summary judgment by awarding it damages for $23,850, and attorney's fees in the amount of $5,250. We reverse and remand.

2

*Analysis*

Hendrix challenges the summary judgment in a single issue. He contends that the trial court erred by granting summary judgment for AAL Organic in light of his contention that his continued performance under the mediated settlement agreement was excused by AAL Organic's prior material breach of the agreement. AAL Organic asserts on appeal that Hendrix waived the affirmative defense of material breach by failing to plead it in his answer. As set forth below, AAL Organic cannot rely on Hendrix's pleading deficiency to uphold the summary judgment because it did not assert it in the trial court.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). "Evidence is conclusive only if reasonable people could not differ in their conclusions." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

When, as here, the plaintiff moves for summary judgment, it must conclusively prove all elements of its cause of action as a matter of law. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *FP Stores, Inc. v. Tramontina US, Inc.*, 513 S.W.3d 684, 690 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). The elements of breach of contract are: "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the

3

defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Here, AAL Organic supported its motion for summary judgment with an affidavit from it managing member, Joe Borges, that detailed Hendrix's breach of the mediated settlement agreement. Thus, AAL Organic initially established its right to summary judgment. Accordingly, the burden then shifted to Hendrix to present the trial court with any issues or evidence that would preclude summary judgment. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678–79.

Hendrix sought to defeat AAL Organic's motion for summary judgment by asserting the affirmative defense of prior material breach. "It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) (per curiam). The contention that a party to a contract is excused from further performance because of a prior material breach by the other contracting party is an affirmative defense which must be pleaded and proved. *See* TEX. R. CIV. P. 94; *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006). A party waives an affirmative defense if it is not pleaded or tried by consent. *Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Hendrix did not plead a prior material breach by AAL Organic in its answer. However, he raised the matter in his response to AAL Organic's motion for summary judgment. As noted previously, the record does not reflect that AAL Organic objected to Hendrix's lack of a pleading of the affirmative defense of prior material breach.

4

We addressed this scenario in *Proctor v. White*, 172 S.W.3d 649, 651–52 (Tex. App.—Eastland 2005, no pet.). In *Proctor*, we held that "when a non-movant relies on an unpleaded affirmative defense or an unpleaded matter constituting a confession and avoidance to defeat a motion for summary judgment, the movant must object in order to avoid trying the issue by consent." *Id.* at 652 (citing *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991)). We cited *Roark* for the following proposition:

> [I]in the summary judgment context, if a party relies on an unpleaded affirmative defense to support a motion for summary judgment, the non-movant must object in its response to that ground for summary judgment in order to avoid trying that issue by consent. If the non-movant does not object, the trial court may properly grant summary judgment on a conclusively-established, yet unpleaded affirmative defense.

*Id.* (citing *Roark*, 813 S.W.2d at 494-95). We concluded in *Proctor* that the same reasoning applies when the nonmovant raises an unpleaded affirmative defense in his response to the motion for summary judgment—the movant must object in the trial court to avoid trying the issue by consent. *Id.* We note that the Texas Supreme Court has also applied *Roark* to instances where the nonmovant asserts an unpleaded matter in its response to the motion for summary judgment. *See, e.g.*, *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (citing *Roark*, 813 S.W.2d at 495). Accordingly, Hendrix's unpleaded affirmative defense of prior material breach was tried by consent when AAL Organic did not object in the trial court to Hendrix's reliance on it in his response to the motion for summary judgment.

If the party opposing summary judgment relies on an affirmative defense, he must present summary judgment evidence sufficient to raise a fact issue on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Accordingly, we must determine whether Hendrix

5

raised a fact question on the affirmative defense of prior material breach. *See Leonard v. Knight*, 551 S.W.3d 905, 910–11 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Only a material breach will excuse the other party's future performance. *Mustang Pipe*, 134 S.W.3d at 196 (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994)). A material breach is conduct that deprives the injured party of the benefit that it reasonably could have anticipated from the breaching party's full performance. *Hernandez*, 875 S.W.2d at 693. The less the non-breaching party is deprived of the expected benefit of the contract, the less material the breach. *Id.* A nonmaterial breach will not excuse the other party from future performance; it only permits the nonbreaching party to sue for damages caused by the breach. *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017) (citing *Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 654 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)).

"Generally, materiality is an issue 'to be determined by the trier of facts.'" *Id.* (quoting *Hudson v. Wakefield*, 645 S.W.2d 427, 430 (Tex. 1983)); *Henry v. Masson*, 333 S.W.3d 825, 835 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The Texas Supreme Court in *Mustang Pipe* identified several Restatement factors that are "significant in determining whether a failure to perform is material." 134 S.W.3d at 199 (citing RESTATEMENT (SECOND) OF CONTRACTS § 241 (AM. L. INST. 1981)). These factors include:

    (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

    (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

    (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id.*

Hendrix's summary judgment evidence consisted of his affidavit and a copy of the mediated settlement agreement. Hendrix averred as follows in his affidavit:

1. I have provided waste water pumping services for approximately 12 years. Under the Mediated Settlement Agreement, dated 4/24/2018, between myself and AAL Organic Matters, LLC, I agreed to provide pumping services at a price of $30.00 per hour for 1500 hours.

2. Under the terms of the Mediated Settlement Agreement I was to be paid for my services by noon on the business day following the presentment of an invoice to AAL Organic Matter, LLC.

3. On multiple occasions through 2019, I presented a bill to AAL Organic Matter, LLC, and arrived on the following business day to receive payment and was told that payment was not available to pick up.

4. On or about September or October of 2019, I requested payment for pumping services provided under the Mediated Settlement Agreement and was informed that it was necessary for me to contact Toby Floyd, a third party, in order to receive the payment.

5. Approximately three weeks subsequent to requesting payment for pumping services, Mr. Floyd then paid me for the pumping services provided.

Thus, Hendrix detailed in his affidavit his contention that AAL Organic did not timely pay him as required by the mediated settlement agreement. However, his affidavit did not address the assertion in his response to the motion for summary judgment that he "specifically bargained" for the payment timing provision "because of prior business transactions with [AAL Organic]." Further, Hendrix did not

7

address any of the five Restatement factors concerning materiality identified by the Texas Supreme Court in *Mustang Pipe*. *See* 134 S.W.3d at 199.

This appeal presents a conundrum for the court to resolve. Hendrix did not present summary judgment evidence addressing the issue of materiality with respect to the importance that he alleged that he placed on the provision pertaining to when AAL Organic must pay him. Conversely, the issue of materiality with respect to the affirmative defense of prior material breach is generally a question of fact. *See Bartush-Schnitzius Foods*, 518 S.W.3d at 436; *Henry*, 333 S.W.3d at 835. Additionally, Hendrix presented summary judgment evidence alleging that AAL Organic committed a prior breach of the mediated settlement agreement. Because materiality is generally a question of fact, Hendrix sufficiently raised a fact question with respect to the affirmative defense of prior material breach. Accordingly, AAL Organic's breach-of-contract claim was not appropriate for disposition by summary judgment. Instead, it must be resolved by a trial on the merits. We sustain Hendrix's sole issue on appeal.

## This Court's Ruling

We reverse the judgment of the trial court, and we remand the cause for further proceedings consistent with this opinion.


JOHN M. BAILEY
CHIEF JUSTICE


May 16, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.