Alice Marie BELEW d/b/a Belew Real Estate, Appellant,

v.

James A. RECTOR, Appellee.

No. 11–05–00326–CV.

Court of Appeals of Texas, Eastland.

Aug. 3, 2006.

M. Michele Greene, Odessa, for appellant.

G. William Fowler, G. William Fowler, P.C., Odessa, for appellee.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is an oral employment contract dispute concerning real estate commissions. The trial court conducted a bench trial and entered judgment for James A. Rector finding that he was entitled to additional commissions of $6,591, attorney's fees of $2,000, and conditional attorney's fees in the event of an appeal. We affirm.

## I. *Background Facts*

Alice Marie Belew was a real estate broker who operated Belew Real Estate as a sole proprietor. Belew hired Rector as a real estate agent in 2002. They orally agreed that he would receive a percentage of the commission from his sales. For example, he was entitled to one-half of the commission for routine residential sales. Rector worked for Belew until February 14, 2005.

The parties' dispute concerned Rector's compensation claim for a residential development in West Odessa, Desert Willow Estates.[1] PDF Trust, an entity owned by Belew and three investors, acquired 160 acres of land for developmental purposes. PDF paid Belew a $20,000 development fee. Rector did much of the legwork and received one-half of the fee. Rector contended that Belew also agreed to give him one-half of any commission for any lot sale in Desert Willow Estates during his employment.

Belew initially testified that no lots had been sold. However, the exhibits reflect that on September 16, 2004, PDF sold ten lots to Providential Enterprises, USA, LP for $154,450 and executed a warranty deed with vendor's lien. Rector also introduced a spreadsheet entitled "Desert Willow Lot [P]ricing Calculations." This spreadsheet contained information on each lot in Desert Willow Estates, including the commission for any lot sale. Rector testified that PDF's owners asked him to prepare the spreadsheet. Belew testified that one of PDF's owners provided the numbers and did the calculations. Regardless of who generated the numbers, the warranty deed's price of $154,450 equaled the retail price of the ten lots as shown on the spreadsheet. Utilizing the spreadsheet's commission calculations, Rector claimed that he was entitled to a commission of $4,618.50.

Belew conceded that the warranty deed had been recorded and that a deed is typically evidence of a sale. She conceded further that she had built and sold a house on one of Providential's lots.[2] But, she contended that Rector was not entitled to a commission for the home sale because it closed after his termination[3] and that he was not entitled to a commission on the other lots because the Providential transaction was unfunded. Belew testified that the Providential acquisition was subject to a side agreement. Providential put nothing down when it acquired the ten lots and was not required to make a payment until a lot was occupied by a house and the house sold. Belew testified that her real estate company did not get a commission

---

1. Rector also contended that he was entitled to commissions of $1,125 and $847.50 for the sales of two other residences. Belew agreed that he was entitled to these commissions.

2. Belew also owns a portion of Providential.

3. Rector did not claim any entitlement to the commission for the subsequent sale of Belew's house but claimed a commission only for the lot on which it was built.

on the Providential acquisition because no money exchanged hands.

## II.  *Issues*

Belew challenges the trial court's judgment with four issues.  First, she contends the parties' oral contract was void for lack of consideration.  Second, she argues that there was no evidence or factually insufficient evidence that she received any commission from the Providential purchase.  Third, she challenges the sufficiency of the evidence to support a quantum meruit claim.  And, finally, Belew contends that Rector failed to prove presentment of his claim for attorney's fees.

## III.  *Standard of Review*

■ Belew did not request findings of fact and conclusions of law.  We presume, therefore, that the court made all findings in favor of its judgment.  *Pharo v. Chambers County, Tex.*, 922 S.W.2d 945, 948 (Tex.1996).  If a reporter's record is filed, challenges to the factual and legal sufficiency may be made in connection with the implied findings.  *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989).

■ The trial court's legal determinations are reviewed de novo and will be upheld if they can be sustained on any legal theory supported by the evidence.  *Cohn v. Comm'n for Lawyer Discipline,* 979 S.W.2d 694, 697 (Tex.App.-Houston [14th Dist.] 1998, no pet.).  A trial court's factual determinations are reviewed for legal sufficiency under the same standards used to review a jury's verdict.  *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991).  In considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the prevailing party, indulging every inference in that party's favor.  *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 286–87 (Tex.1998).

In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the finding unless the evidence is too weak to support it or the finding is so against the overwhelming weight of the evidence as to be manifestly unjust.  *Westech Eng'g, Inc. v. Clearwater Constructors, Inc., a Div. of Phelps, Inc.,* 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ).

■ We review an award of attorney's fees under an abuse of discretion standard.  *Cordova v. Sw. Bell Yellow Pages, Inc.,* 148 S.W.3d 441, 445 (Tex. App.-El Paso 2004, no pet.).  A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding principle.  *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).  Even though the appropriate standard of review is abuse of discretion, we may nevertheless review a fee award for sufficiency of the evidence.  *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 11 (Tex.1991).  This hybrid analysis requires a two-pronged inquiry.  Did the trial court have sufficient information upon which to exercise discretion and, if so, did the trial court err in the application of its discretion?  *Cordova,* 148 S.W.3d at 446.

## IV.  *Discussion*

### A.  *Was the Parties' Oral Contract Void for Lack of Consideration?*

■ Belew argues initially that there was no consideration for the promise to pay Rector commissions on the sale of Desert Willow lots because he was not required to perform any services.  Rector responds that Belew may not raise this issue on appeal because it was not pleaded as an affirmative defense or in response to his assertion that all conditions precedent had been satisfied or, alternatively, that

Belew's partial performance constituted consideration.

TEX.R. CIV. P. 94 requires that affirmative defenses be pleaded and provides several examples of matters, including failure of consideration, which constitute an affirmative defense. Lack of consideration is not listed in Rule 94.[4] Rector argues that it still must be pleaded, however, because the rule extends not just to those affirmative defenses specifically listed but also to "any other matter constituting an avoidance or affirmative defense."

An affirmative defense is "a denial of the plaintiff's right to judgment even if the plaintiff establishes every allegation in its pleadings." *Bracton Corp. v. Evans Constr. Co.*, 784 S.W.2d 708, 710 (Tex.App.-Houston [14th Dist.] 1990, no writ). An affirmative defense allows the defendant to introduce evidence to establish an independent reason why the plaintiff should not prevail; it does not rebut the factual proposition of the plaintiff's pleading. *Heggy v. Am. Trading Employee Ret. Account Plan*, 123 S.W.3d 770, 778 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).

Lack of consideration does not fall within the definition of affirmative defense because it does not provide an independent reason to find against the plaintiff—it goes directly to the plaintiff's cause of action. Consideration is a fundamental element of every valid contract. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d

492, 496 (Tex.1991). Rector was necessarily required to establish that an offer had been made, that it had been unconditionally accepted, and that valuable consideration had passed between the parties. *Turner–Bass Assocs. of Tyler v. Williamson*, 932 S.W.2d 219, 222 (Tex.App.-Tyler 1996, writ denied). Belew, therefore, was not required to plead lack of consideration as an affirmative defense.

TEX.R. CIV. P. 54 provides that, when a party pleads that all conditions precedent have been performed, it is required to prove only those matters which are specifically denied. Rector pleaded that he had fully performed his contractual obligations. Because Belew filed only a general denial, Rector contends that he was not required to prove consideration. Belew responds that lack of consideration refers to whether a valid contract was created, rather than whether contingent future conduct occurred, and, therefore, that Rule 54 does not apply.

A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation. *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex.1992); *see also Beard Family P'ship v. Commercial Indem. Ins. Co.*, 116 S.W.3d 839, 844 (Tex.App.-Austin 2003, no pet.) ("A condition precedent that affects a party's obligation to perform is an act or event that must occur after the making of a contract before a right to immediate performance arises and before there may be a breach of contractual duty."). Rector did not contend that he had earned the

---

4. The terms "failure of consideration" and "lack of consideration" have sometimes been used interchangeably, but they represent different defenses. Lack of consideration refers to a contract that lacks mutuality of obligation. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 409 (Tex.1997). Failure of consideration occurs when, due to a supervening cause after an agreement is reached, the promised performance fails. *US Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 279 (Tex.App.-Dallas 2005, no pet.). The distinction between the two is that lack of consideration exists, if at all, immediately after the execution of a contract while failure of consideration arises because of subsequent events.

Providential transaction commission by specific performance. His position was that he was entitled to one-half of the commission on any lot sale regardless of whether he sold the lot or not. Consequently, we agree with Belew that Rector's contention did not trigger Rule 54.

■ Whether the parties' agreement was supported by consideration depends upon whether the parties had one or two agreements covering Desert Willow Estates. Rector argues that the parties had a single agreement; that Belew partially performed that agreement; and, therefore, that consideration was present. *See Pacific Fin. Corp. v. Crouch*, 243 S.W.2d 432, 437 (Tex.Civ.App.-Texarkana 1951, no writ) (as a general rule, if a party performs an agreement in whole or in part, it may not subsequently assert that the contract lacked consideration). Belew contends that there was one agreement to share the PDF development fee and a second agreement concerning any lot sales. Because Rector did not sell a lot, Belew argues that he was not entitled to any commission.

The parties do not dispute that PDF paid Belew $20,000 for developmental activities, that Rector did legwork on the project, and that he received one-half of the PDF payment. It is also undisputed that the only lots which were sold while Rector was employed by Belew were the ten lots purchased by Providential and that Rector was not personally involved with this sale. The only justification for the trial court's award of one-half of the commission on the Providential transaction, then, is if the trial court determined that there was only one agreement.

Belew correctly points out that the parties distinguished between developmental work and marketing the lots. There was,

however, at least a scintilla of evidence that the parties' oral agreement covered both. In response to Belew's cross-examination about Rector's documentation, or lack thereof, Rector testified:

> The only way I can say it is that when we went into that agreement, you agreed and we agreed and you did that, you paid me half of it, when we did the development. And we agreed that I would get half of the commission on the sale of the lots.[5] It was a verbal agreement. There is nothing in writing on that.

The conflicting evidence was sufficient to allow the trial court to conclude that the parties had either one or two agreements. Because the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, *Cohn*, 979 S.W.2d at 696, we must defer to the trial court's implied finding that the parties had one agreement. Belew partially performed on that agreement and may not now raise lack of consideration as a defense.

Alternatively, even if we agreed with Belew that the parties had two separate agreements, the argument she advances on appeal runs counter to Rule 54. We have previously held that Rector's claim did not invoke Rule 54 because of his characterization of the parties' agreement. Belew's position, however, is that Rector had to earn any commission by actually selling a lot and that he was not entitled to share in any commission from her sales. Because Rector pleaded that he had satisfied his contractual obligations, if Belew's characterization of the agreement is correct, she was required to specifically deny Rector's compliance if she intended to argue that he had an additional obligation before earning

5. Belew represented herself at trial.

the disputed commission. Belew's first issue is overruled.

### B. Did Belew Receive a Commission on the Providential Transaction?

■ Belew argues that the evidence was legally and factually insufficient to support the trial court's judgment because there was no evidence Belew received any commissions on the Providential transaction during Rector's employment. Belew acknowledged the warranty deed from PDF to Providential but testified that, because of their side agreement to defer compensation for a lot's sale until a house had been built and sold, she did not receive any commissions during Rector's employment. Belew contends that, because Rector did not dispute this testimony, there was no evidence to support the trial court's judgment. Belew reasons that the warranty deed is evidence that Providential purchased ten lots but that it is not evidence that Providential paid any commission.

Because Belew operated her real estate company as a sole proprietorship and also owned interests in PDF and Providential, it is easy to understand how the distinctions between her various roles could blur. It is also easy to appreciate why Belew would facilitate the project's development by agreeing to defer the payment of any commission until the final closing of a house sale. Belew fails to acknowledge, however, the distinction between earning and receiving a commission.

Belew's testimony confirms the accuracy of the pricing spreadsheet. She testified that one of PDF's owners provided the numbers and did the calculations; that, when she built and sold a house on one of the Providential lots, she received a commission for that lot; and that the amount she received was the amount shown on the spreadsheet. She testified that the lot's retail price included the commission. She received the lot commission because she was responsible for the Providential transaction. This testimony is sufficient to allow the trial court to conclude that, when Belew sold the lots, she did so on behalf of her real estate company. The commission for that sale would have been earned on the date of the sale. The warranty deed from PDF to Providential does not condition payment on the successful sale of a subsequently built home. The mere fact that Belew may have agreed to defer payment of the commission does not alter this premise. The evidence is legally and factually sufficient to support the trial court's judgment. Belew's second issue is overruled. In light of this holding, it is unnecessary for us to address Belew's quantum meruit claim, and her third issue is also overruled.

### C. Did Rector Prove Presentment of His Claim for Attorney's Fees?

■ Belew argues that the trial court abused its discretion by awarding attorney's fees because Rector failed to prove presentment as required by TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). This statute authorizes the award of attorney's fees to successful breach of contract claimants. To recover fees, TEX. CIV. PRAC. & REM.CODE ANN. § 38.002 (Vernon 1997) requires:

(1) the claimant must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

■ A party is required to present its claim at least thirty days before trial to

provide the defendant with an opportunity to pay the claim without incurring attorney's fees. *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981). The statute does not require any particular form of presentment. *Id.* It may be done orally or in writing. *Id.* It may be accomplished with requests for admission. *Welch v. Gammage,* 545 S.W.2d 223, 226 (Tex.Civ.App.-Austin 1976, writ ref'd n.r.e.). It need not be done by counsel. *Sunbeam Envtl. Servs., Inc. v. Tex. Workers' Comp. Ins. Facility,* 71 S.W.3d 846, 851 (Tex.App.-Austin 2002, no pet.). Merely filing a breach of contract claim, however, is insufficient. *Mackey v. Mackey,* 721 S.W.2d 575, 579 (Tex.App.-Corpus Christi 1986, no writ).

Rector argues that the record is sufficient to establish that he presented his claim more than thirty days before trial or, alternatively, that Belew's contention is barred by Rule 54. The record does not contain a specific demand from Rector. It does confirm that, prior to suit being filed, Belew's counsel attempted to contact Rector to discuss the dispute and that he and Rector's counsel had some settlement discussions.

■ This testimony is insufficient to establish presentment because it does not prove that prior to trial Belew had the opportunity, by undertaking specific action, to avoid paying attorney's fees. However, because Rector pleaded that all conditions precedent had been met, Belew was obligated to affirmatively deny presentment. This she did not do. Rector, therefore, was not obligated to produce specific evidence of presentment. *See Knupp v. Miller,* 858 S.W.2d 945, 955 (Tex. App.-Beaumont 1993, writ denied) (defendant's failure to deny that all conditions precedent had been met justified the trial court's award of attorney's fees). Belew's fourth issue is overruled.

## V. *Holding*

The judgment of the trial court is affirmed.