COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MARRS AND SMITH PARTNERSHIP
and RICKEY SMITH,

§

§

Appellants/Cross-Appellees,

§

No. 08-12-00372-CV

v.

§

Appeal from the

SOMBRERO OIL AND GAS COMPANY,
L.L.C.,

§

§

143rd Judicial District Court

of Ward County, Texas

Appellee/Cross-Appellant.

§

(TC# 11-11-22720-CVW)

§

# **O P I N I O N**

In this breach-of-contract action, Marrs and Smith Partnership and its general partner,

Rickey Smith, appeal the trial court's judgment in favor of Sombrero Oil and Gas Company,

L.L.C.[1]  That judgment incorporates the partial summary judgment for Sombrero on the issue of

liability—and a concomitant award of restitution damages—and the jury's award of attorney's

fees, but not consequential damages, to Sombrero.  The Partnership argues the trial court erred in

granting summary judgment and in awarding damages and attorney's fees.  Smith likewise argues

the trial court erred in those respects but also contends the trial court erred in denying his

no-evidence motion for summary judgment.  Sombrero, on the other hand, presents three

---

[1] Unless otherwise indicated, we will refer to the Partnership and Smith collectively as Appellants.

cross-issues in the event we reverse the trial court's judgment.[2]   For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This case marks the fourth chapter of protracted litigation involving the mineral development of the Frying Pan Ranch, which lies in parts of Loving, Winkler, and Andrews Counties, Texas, and Lea County, New Mexico.   *See Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, 323 S.W.3d 203 (Tex.App.--El Paso 2010, pet. denied); *Marrs and Smith P'ship v. D.K. Boyd Oil & Gas Co., Inc.*, 223 S.W.3d 1 (Tex.App.--El Paso 2005, pet. denied); *Marrs and Smith P'ship v. D.K. Boyd Oil & Gas Co., Inc.*, No. 08-00-00386-CV, 2002 WL 1445334 (Tex.App.--El Paso 2002, no pet.)(not designated for publication).   As in the third chapter of litigation, the primary issue here is whether Sombrero established its right to summary judgment on its cause of action.

In the third chapter of litigation, Sombrero sued Appellants for breaching an oil and gas lease ("Lease") executed in August 1999 by D.K. Boyd Land & Cattle Company, as lessor, and D.K. Boyd Oil & Gas Co., Inc., as lessee.[3]   *See Pagosa Oil and Gas*, 323 S.W.3d at 208-09.   In executing the Lease, D.K. Boyd Land & Cattle exercised the executive rights held by the Partnership and another entity known as the Black Family Partnership Ltd.   The Partnership ratified the Lease, but approximately seven months later informed Boyd it intended to rescind the Lease.   One week thereafter, Appellants sued to rescind the Lease.   Despite the lawsuit, Boyd tendered a bonus payment in July 2000 to extend the Lease beyond its initial one-year term.   The Partnership, however, returned the check the following month.   In August 2001, Boyd tendered

---

[2]   At oral argument, Sombrero informed the Court that it was pursuing its cross-appeal conditionally.

[3]   These two entities were controlled by Dewayne Keith Boyd, the man who bought the Frying Pan Ranch in December 1996 for $13.5 million.   *See Marrs and Smith P'ship*, 223 S.W.3d at 9.

the bonus payment for the final extension period. That check was also returned by the Partnership. The Lease expired in July 2002, and no minerals were developed during its duration. Instead, a well was drilled in another section of land not leased by the Partnership. Sombrero alleged Appellants breached the Lease by attempting to rescind it.[4] *See Pagosa Oil and Gas*, 323 S.W.2d at 209. Both sides moved for summary judgment: Sombrero on its breach-of-contract claim and Appellants on no-evidence grounds and on their affirmative defenses. *See id*. The trial court denied Sombrero's motion and granted Appellants' motions. *See id*. On appeal, we concluded:

> (1) that [Appellants] [were] not entitled to . . . no-evidence summary judgment[s] on [Sombrero's] breach of contract cause of action; (2) that . . . Sombrero did not satisfy its traditional summary judgment burden regarding its claim for breach of contract; and (3) that [Appellants] were not successful in establishing any of their affirmative defenses as a matter of law.

*See id.* at 219-220. Accordingly, we reversed and remanded the case for trial on the merits. *See id*. at 220.

> On remand, Sombrero filed a second amended petition, in which it alleged:

> 16. Because of Defendants' breach, no wells were drilled on the sections covered by the Lease during the term of the Lease, despite scientific data showing substantial oil and gas reserves under those sections. Boyd, along with other working interest owners, were financially and physically able to drill, but Defendants' breach prevented them from doing so. Drilling on those sections has subsequently confirmed the existence of substantial oil and gas reserves in the property covered by the Lease.

Sombrero then moved for partial summary judgment on its cause of action and on Appellants' affirmative defenses. With regard to its cause of action, Sombrero sought summary judgment as to liability, choosing to litigate "the full measure of its damages at trial." Sombrero alleged it was

---

[4] Although Boyd assigned his potential breach-of-contract cause of action against the Partnership to Sombrero, he retained a one-third interest in any damages recovered.

entitled to summary judgment "as to liability on its breach of contract claim because it ha[d] conclusively established every element of its claim, including showing 'a monetary injury'. . . ." According to Sombrero, the monetary injury it suffered as a result of the breach was the sum Boyd paid in leasing bonuses to the Partnership and Black Family Partnership under the lease: $68,692.18. As evidence, Sombrero attached several documents, including Boyd's affidavit, the Lease, copies of two deposited checks totaling $49,193.71, and the letters from the Partnership's counsel indicating its intent to rescind the lease.

Appellants responded, asserting Sombrero was not entitled to summary judgment on its breach-of-contract claim because Boyd "did not suffer any out-of-pocket monetary injury related to the leasing bonuses[,]" since it was reimbursed for those expenses by a third-party, Rutter & Wilbanks. Appellants also asserted Sombrero failed to prove that: (1) it suffered damages; (2) they caused the purported damages; and (3) their affirmative defenses were inapplicable. In addition, Appellants raised objections to some of Sombrero's summary judgment evidence, including Boyd's affidavit.[5]

In conjunction with this response, Smith moved for summary judgment on both traditional and no-evidence grounds.[6] Smith sought a traditional summary judgment on his cause of action against Sombrero for breach of a compromise and settlement agreement executed by him, the Partnership, and Boyd concerning other litigation pending in Winkler County, Texas. Like Sombrero, Smith sought summary judgment as to liability on its cause of action. Smith also sought a no-evidence summary judgment on Sombrero's claim for breach of contract. Echoing

---

[5] The record does not disclose if the trial court ruled on Appellants' objections to the summary judgment evidence tendered by Sombrero. In any event, Appellants do not complain of the trial court's failure to do so.

[6] The Partnership did not move for summary judgment.

4

his and the Partnership's joint response, Smith alleged Sombrero had "failed to provide evidence supporting each element of a breach of contract claim, specifically breach of a contract and damages . . . .

The trial court granted Sombrero's motion for partial summary judgment on the liability portion of its breach-of-contract claim and denied both of Smith's motions. Sombrero filed a third-amended petition, and the case proceeded to a jury trial on the issue of Sombrero's damages.

At trial, the issue was the amount of lost profits, if any, Sombrero suffered as a result of Boyd's inability to drill a well during the duration of the Lease. Sombrero argued that but for the Partnership's breach, Boyd would have made drilled a well and recovered in excess of $5 million in lost profits. The jury was not convinced, declining to award any lost profits to Sombrero. The jury, however, did award Sombrero approximately $570,000 in attorney's fees.

## SUMMARY JUDGMENT

We begin by addressing Appellants' challenges to the trial court's ruling on Sombrero's and Smith's motions for summary judgment. As mentioned above, Appellants contend the trial court erred in granting partial summary judgment for Sombrero and in awarding Sombrero damages and attorney's fees. Smith also contends the trial court erred in denying his no-evidence motion for summary judgment. We disagree.

### *Standard of Review*

A party may move for summary judgment on both traditional and no-evidence grounds, and we review the propriety of the trial court's ruling *de novo*. *See* TEX.R.CIV.P. 166a(c), (i); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

To prevail on a no-evidence summary judgment motion, a movant must allege that there is

no evidence of an essential element of the adverse party's claim. TEX.R.CIV.P. 166a(i). Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* TEX.R.CIV.P. 166a, notes and cmts. Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). In determining whether a non-moving party has presented evidence raising a genuine issue of material fact, we review the evidence in the light most favorable to it, crediting such evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

To prevail on a traditional motion for summary judgment motion, a movant must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). In determining whether the movant has discharged this burden, we take as true all the evidence favorable to the non-moving party, and we indulge every reasonable inference and resolve any doubts in the non-moving party's favor. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

When, as here, both sides move for summary judgment on the same issues and the trial court grants one motion and denies the other, we: (1) consider the summary judgment evidence presented by both sides; (2) determine all questions presented; and (3), if we determine that the trial court erred, render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005), *citing FM Props. Operating Co. v. City of Austin*, 22

S.W.3d 868, 872 (Tex. 2000). We will affirm a summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

### *Traditional Summary Judgment*

We turn to the trial court's order granting Sombrero's motion for partial summary judgment. Because the trial court did not specify the basis or bases for its ruling, we will affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Two Thirty Nine Joint Venture*, 145 S.W.3d at 157.

The Partnership argues Sombrero is not entitled to summary judgment because Sombrero failed to prove the Partnership's repudiation of the Lease was the producing cause of the reliance-interest and restitution-interest damages sought by Sombrero. *See Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 182 (Tex. 1995), *abrogated by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007)(holding that, to recover damages, plaintiff must establish that defendant's actions were a producing cause of the injury suffered by plaintiff). "Producing cause" is defined as an "efficient, exciting, or contributing cause, which in the natural sequence, produced injuries or damages complained of, if any." *Rourke v. Garza*, 530 S.W.2d 794, 801 (Tex. 1976).

Here, Sombrero sought restitution damages for the leasing bonuses paid by Boyd to the Partnership and Black Family Partnership, Ltd. and retained by them. Restitution damages are a measure of damages available for breach-of-contract claims; their purpose is to restore what the plaintiff has conferred on the defendant rather than to compensate the plaintiff. *Quigley v. Bennett*, 227 S.W.3d 51, 56 (Tex. 2007), *citing* RESTATEMENT (SECOND) OF CONTRACTS § 344

7

(1981). If they necessarily result from the breach, restitution damages are direct damages rather than consequential damages. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997)(concluding that direct damages flow naturally and necessarily from the defendant's wrongful act whereas consequential damages result naturally, but not necessarily, from the defendant's wrongful acts)[Quotation marks omitted]. We must therefore determine if Sombrero established, as a matter of law, that the Partnership's repudiation was a producing cause of Boyd's out-of-pocket expenses.

We conclude the summary judgment evidence tendered by Sombrero establishes its entitlement to summary judgment on its breach-of-contract claim. The record contains Boyd's affidavit, in which he avers that: (1) both the Partnership and the Black Family Partnership accepted bonus payments for the first year totaling $49,193.71; (2) shortly thereafter, Appellants repudiated the Lease; and (3) whereas the Black Family Partnership accepted bonus payments for the second and third years totaling $19,498.47, the Partnership did not. The record also contains copies of the letters sent by the Partnership's counsel repudiating the lease and the ratification and copies of the checks corresponding to the leasing bonuses accepted by the Partnership and the Black Family Partnership for the first year. As shown by this evidence, the Partnership accepted the first year's bonus payment but failed to reimburse Boyd for that expense after repudiating the Lease and the Black Family Partnership accepted all bonus payments despite the Partnership's repudiation. Because bonus payments were required to maintain the Lease, their reimbursement would naturally and necessary flow from any breach of the Lease.

The Partnership raises several arguments why Boyd's affidavit is insufficient to establish that its repudiation was the producing cause of his out-of-pocket expenses. None of the

Partnership's arguments are persuasive, however.

First, the Partnership claims Boyd "simply fails to address the existence of a direct causal link between . . . [his out-of-pocket expenses] . . . [its] actions . . . and the injury suffered." However, other than generally alleging that Boyd's affidavit is deficient in that respect, the Partnership does not explain why or how. As the party seeking the reversal of summary judgment, the Partnership bears the burden to present arguments and supporting authority to merit reversal. *McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex.App.--Houston [1st Dist.] 2007, pet. denied). It is not enough to simply state the evidence is insufficient without explaining how or why.

Second, the Partnership maintains that, given "the untraditional nature of oil [and] gas leases[,]" Boyd's averments establish that the lease expired, but fail to establish "that an act or omission of [the Partnership] caused Boyd to lose the lease." As best we can surmise, the Partnership is arguing Boyd lost his fee simple determinable interest in the lease, not because of any breach committed by the Partnership, but because the lease expired on its own terms. *See Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 192 (Tex. 2003)(explaining that, in the usual oil and gas lease, the lessee acquires a fee simple determinable interest subject to automatic termination and reversion upon the occurrence of certain events imposed by the lease). However, Sombrero was proceeding on the theory that the Partnership's breach caused Boyd to incur out-of-pocket expenses in maintaining the Lease. The theory that the Partnership's repudiation caused Boyd to lose the Lease—and thus the opportunity to drill a well—was reserved for trial on the merits.

Third, the Partnership asserts, in a footnote, that "[h]ad Sombrero demonstrated the

elements of its claim as a matter of law, this record would nevertheless preclude a summary judgment because [the Partnership] proffered more than a scintilla of evidence demonstrating that its conduct was not a cause of the decision to develop interests other than those of the partnership." The Partnership, however, does not identify what evidence it believes raises a genuine issue of material fact, and, as noted above, Sombrero was not seeking summary judgment on the basis the Partnership's repudiation caused Boyd to lose the Lease. Thus, the assertion that the evidence precludes summary judgment is unavailing for the reasons explained in the preceding two paragraphs.

Like the Partnership, Smith argues that "mere payment of leasing bonuses does not give rise to a claim for damages." Smith, however, offers no reasoned analysis in support of its argument. Accordingly, Smith has failed to carry its burden to present arguments and supporting authority to merit reversal of the trial court's summary judgment. *See McCoy*, 240 S.W.3d at 272.

Smith also echoes the Partnership's argument that "Sombrero failed to provide any specific evidence of leases that were lost as a result of [his] acts and/or omissions." We reiterate that Sombrero was not seeking summary judgment on the theory that the Partnership's repudiation resulted in a lost opportunity to lease other interests. That specific theory of recovery was reserved for trial on the merits. It would thus be improper to reverse the trial court's summary judgment on a theory of recovery Sombrero did not pursue at that stage of litigation. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)(motion for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997)(appellate court cannot rely on briefs or summary judgment evidence to affirm summary

10

judgment).

*No-Evidence Summary Judgment*

We turn next to the trial court's order denying Smith's motion for summary judgment on no-evidence grounds. Because the trial court did not specify the basis or bases for its ruling, we will affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *See Two Thirty Nine Joint Venture*, 145 S.W.3d at 157.

In arguing why he was entitled to summary judgment on no-evidence grounds, Smith asserts "Boyd suffered no out-of-pocket damages related to the payment of the leasing bonuses . . . [because] [i]t is undisputed that all leasing bonuses paid by Boyd to Smith and Black [Family Partnership] were reimbursed by the Rutter & Wilbanks Corporation."[7] However, Smith cites no authority, and we are aware of none, for the proposition that an injured party who receives voluntary reimbursement from a third party is precluded from recovering restitution damages from a breaching party. Restitution "involves restoring property or money taken from the plaintiff," and, "[u]nlike other contractual damages, restitution focuses on forcing the defendant to disgorge benefits that it would be unjust to keep, rather than on compensating the plaintiff." *City of Harker Heights, Tex. v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313, 317 (Tex.App.--Austin 1992, no writ). Moreover, whether Boyd was reimbursed by a third party is irrelevant in determining the Partnership's liability under its contract with Boyd. *See Energo Intern. Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 152 (Tex.App.--Dallas 1986, no writ)(rejecting, in part, appellant's argument that appellee was not entitled to summary judgment on its breach of contract claim because fact that third party reimbursed appellee for sales tax was irrelevant in determining

---

[7] Boyd entered into an agreement with Rutter & Wilbanks to have 3-D seismic data shot of the Frying Pan Ranch and geological studies prepared to assist in selecting the most promising locations to drill for development.

11

appellant's liability for sales taxes under the contract between appellant and appellee).

Smith also argues he was entitled to summary judgment on no-evidence grounds because Sombrero "cannot allege damages for wells that could not and were not to be drilled during the primary term of the lease." This is the same argument that Appellants raised—and we resolved against them—in challenging the trial court's summary judgment in favor of Sombrero. Thus, for the same reasons articulated above, we conclude that Smith has not shown that the trial court erred in denying his motion for summary judgment on this basis.

Smith next contends that he was entitled to summary judgment on no-evidence grounds because Sombrero could not rely on the collateral source rule to establish Boyd's entitlement to damages since the payments Boyd received from Rutter & Wilbanks were not intended to reimburse Boyd "for any damages but were made pursuant to the terms of the[ir] agreement . . . ." In other words, Smith contends that awarding damages to Boyd for his out-of-pocket expenses would violate the one-satisfaction rule because Rutter & Wilbanks had already made Boyd whole for his injury. Smith, however, cannot rely on the one-satisfaction rule to argue that the trial court erred in denying his no-evidence motion. This rule "is . . . in the nature of an affirmative defense that could serve as an alternative ground for summary judgment." *RenewData Corp. v. eMag Solutions, LLC*, No. 03-05-00509-CV, 2009 WL 1255583, at *1 n.1 (Tex.App.--Austin May 6, 2009, pet. denied)(mem.op.). An affirmative defense, however, cannot serve as a basis for a no-evidence motion for summary judgment. *Sanchez v. Schroeck*, 406 S.W.3d 307, 310 n.2 (Tex.App.--San Antonio 2013, no pet.). Thus, to the extent Smith pled the one-satisfaction rule as an affirmative defense; he is not entitled to a no-evidence summary judgment. Accordingly, the trial court did not err in denying Smith's motion on this basis.

Appellants' first issue is overruled.

## ATTORNEY'S FEES

In their second issues, Appellants argue the trial court erred in awarding attorney's fees to Sombrero because Sombrero failed to prove it presented its claim to them as required by Chapter 38 of the Texas Civil Practice and Remedies Code. Sombrero counters that it was excused from having to provide proof of presentment because it pled that all conditions precedent to recovery had been met and the Partnership and Smith failed to deny specifically which conditions precedent to the recovery of attorney's fees had not been met. We agree.

### *Applicable Law*

To recover attorney's fees under Chapter 38: (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented. TEX.CIV.PRAC.&REM.CODE ANN. § 38.002 (West 2008). The claimant bears the burden to plead and prove presentment. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983); *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981). However, a claimant is excused from proving presentment if it pleads that all conditions precedent to recovery have been met and the opposing party fails to specifically deny presentment. *See* TEX.R.CIV.P. 54 (party is required to prove only those conditions precedent that have specifically been denied by the opposing party); *Shin-Con Dev. Corp. v. I.P. Investments, Ltd.*, 270 S.W.3d 759, 768 (Tex.App.--Dallas 2008, pet. denied)(appellants waived argument that appellee failed to present its contract claim to them as required by Chapter 38 because they failed to specifically deny presentment had occurred); *Belew*

13

*v. Rector*, 202 S.W.3d 849, 857 (Tex.App.--Eastland 2006, no pet.)(defendant's failure to affirmatively deny that all conditions precedent had been met relieved plaintiff from producing specific evidence of presentment); *Knupp v. Miller*, 858 S.W.2d 945, 955 (Tex.App.--Beaumont 1993, writ denied)(defendant's failure to deny that all conditions precedent had been met justified the trial court's award of attorney's fees).

### *Discussion*

The trial court did not err in awarding attorney's fees to Sombrero. In its third amended petition, Sombrero sought attorney's fees pursuant to Chapter 38 and pled that "[a]ll conditions precedent to [its] claims have been performed or have occurred." Because Sombrero pled that all conditions precedent had been met, Appellants were obligated to specifically deny that Sombrero failed to present its contract claim as required by Chapter 38. Appellants failed to do so in any of their answers. Sombrero, therefore, was not obligated to produce specific evidence of presentment, and Appellants cannot now complain on appeal of Sombrero's failure to prove presentment. *See Shin-Con Dev. Corp.*, 270 S.W.3d at 768; *Belew*, 202 S.W.3d at 857; *Knupp*, 858 S.W.2d at 955.

Appellants raise several arguments why Sombrero was obligated to produce specific evidence of presentment. None of their arguments are persuasive, however.

Smith, but not the Partnership, contends that he and the Partnership specifically denied the issue of presentment in their "Motion in Limine and Motion to Exclude." In that motion, Appellants asserted Sombrero "failed to make a proper demand under Section 38.002 and failed to timely present evidence supporting its claim for attorney's fees . . . ." A party, however, must specifically deny the issue of presentment in its answer. *See Ferch v. Baschnagel*, No.

03-04-00605-CV, 2009 WL 349149, *10-11 (Tex.App.--Austin Feb. 13, 2009, no pet.)(mem. op.) (concluding that, although appellant timely objected to counsel's testimony on attorney's fees at trial on the basis that appellee did not present his claim as required, appellant waived his complaint regarding presentment because he did not specifically deny presentment in his answer); *Faulkner v. Am. Stone, Inc.*, No. 02-04-00030-CV, 2005 WL 737432, *3-4 (Tex.App.--Fort Worth Mar. 31, 2005, no pet.)(mem. op.)(concluding that because Rule 54 applies to claims for attorney's fees under Chapter 38, presentment was not an issue to be proven at trial because appellant did not specifically deny presentment in her answers); *see also Greathouse v. Charter Nat. Bank-Sw.*, 851 S.W.2d 173, 177 (Tex. 1992)(concluding that appellee was not required to prove commercial reasonableness at trial because it pled that all conditions precedent had been performed and appellant did not specifically deny commercial reasonableness in its answer). As noted above, Appellants failed to do so here.

In support of his argument that he and the Partnership specifically denied presentment by raising that issue in their "Motion in Limine and Motion to Exclude," Smith cites *City of El Paso v. Parsons*, 353 S.W.3d 215 (Tex.App.--El Paso 2011, no pet.). However, *Parsons* is inapposite. There, we concluded the trial court acted within its discretion in finding no unfair surprise when allowing the late designation of an expert witness and providing six additional weeks of discovery. 353 S.W.3d at 230. Here, the issue is not whether Appellants were unfairly surprised by the allegation in Sombrero's petition that all conditions precedent had been met, but whether Sombrero was obligated to produce specific evidence of presentment given Appellants' failure to specifically deny presentment.

The Partnership, unlike Smith, acknowledges its failure to "specifically deny …

15

[Sombrero's] condition-precedent allegation . . . ." The Partnership nevertheless argues we should prevent Sombrero from recovering attorney's fees because the Partnership continuously questioned "the propriety of Sombrero's presentation" throughout litigation and objected to the submission of attorney's fees at the charge conference. However, the Partnership cites no authority, and we have found none, for this proposition. As established above, the Partnership was required to specifically deny presentment in its answer. This it failed to do.

The Partnership also asserts "the condition-precedent allegation, which does serve the purpose of presentment, is not a substitute for the evidence of presentment required under [C]hapter 38." Yet, the Partnership does not acknowledge, let alone distinguish the authority cited above, nor does it direct us to any authority requiring a party to provide proof of present when that party has pled that all conditions precedent for recovery have been met and the opposing party has failed to specifically deny presentment.

The Appellants' second issue is overruled.[8]

## CONCLUSION

The trial court's judgment is affirmed.[9]


May 16, 2014
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

---

[8] Given our disposition of this issue, we need not address Appellants' alternate arguments that Sombrero's letters after the onset of litigation did not constitute timely and sufficient presentations or that demands in those letters were excessive. *See* TEX.R.APP.P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[9] Because we have affirmed the trial court's judgment, we do not consider Sombrero's three conditional cross-issues.

16